**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq.
California Bar No. 332334
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET MANCILLA,<br><br>Plaintiff,<br><br>v.<br><br>VIKING CLIENT SERVICES, LLC,<br><br>Defendant. | Case No. 2:21-cv-03441<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Janet Mancilla ("Plaintiff"), by and through the undersigned counsel, complaining of Viking Client Services, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, Defendant conducts business and maintains significant business contacts in the Central District of California, and all of the events or omissions giving rise to the claims occurred in the Central District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

6. Defendant is a third-party collection agency, headquartered in Eden Prairie, MN, and started its business in 1969. According to the Better Business Bureau ("BBB"), Defendant offers collection services. According to Viking Client Services' website, they offer a full range of collection solutions for large, regional, and community banks, insurance companies, debt buyers and other financial institutions across the United States. Defendant regularly engages in the collection of defaulted debts owed to others, including Hertz Corporation. Defendant is also a member of the Minnesota Collectors Association and the Third Party Payment Processors Association.[1]

7. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSE OF ACTION**

8. Prior to the conduct giving rise to this cause of action, Plaintiff rented a car from Hertz Corporation ("Hertz").

9. Plaintiff allegedly incurred a $5,348.87 debt related to her Hertz rental car ("subject debt").

10. Subsequently thereafter, despite disagreement with the subject debt, Plaintiff could

---

[1] https://www.vikingservice.com/ (last visited 4/19/2021).

not keep up with payments and defaulted on the subject debt.

11. Shortly thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

12. In February 2021, Defendant mailed or caused to be mailed to Plaintiff a letter dated February 16, 2021 ("February 16th letter") regarding the subject debt.

13. The February 16th letter stated, "We sent you a letter regarding an outstanding claim with Hertz Corporation…We would like to assist you in resolving this issue."

14. Plaintiff was perplexed because she did not understand who Defendant was or why they were contacting her regarding a "claim" with Hertz Corporation.

15. Plaintiff later received a second letter from Defendant dated March 19, 2021 ("March 19th letter") regarding the subject debt.

16. The March 19th letter stated, "This letter represents a final written attempt to resolve the above matter. Your claim will be considered for collections if an arrangement cannot be made."

17. Due to the lack of identifying information in both the March 16th and February 19th letters, Plaintiff had to search online to determine that Defendant was a debt collector and the two letters she received were collection letters attempting to collect the subject debt.

18. Plaintiff was confused and concerned by Defendant's collection letters because they provided her with incomplete, inaccurate, and misleading information regarding Defendant's identity and intentions.

19. Defendant's March 19th letter stated that the subject debt "will be considered for collections," when in actuality the subject debt was already in collections, as Defendant was a debt collector who was actively attempting to collect upon the subject debt.

20. The language Defendant used in its March 19th letter was purposely meant to

3

deceive and mislead Plaintiff as to the character of the subject debt in order to dragoon Plaintiff into making an immediate payment.

21. The language Defendant used in its March 19th letter was purposely meant to deceive Plaintiff into thinking there would be imminent adverse action taken if Plaintiff did not make an immediate payment on the subject debt, when in reality the subject debt could not be "considered for collections" since it was already in collections.

22. At no time did Defendant's letters disclose to Plaintiff that it was a debt collector attempting to collect upon a debt and that all information obtained would be used for that purpose in an effort to mislead Plaintiff.

23. Defendant intentionally made false representations and used misleading and unconscionable means to attempt to collect upon the subject debt. These methods only served to worry and confuse Plaintiff in hopes that she would make payment on the subject debt.

24. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect

4

delinquent consumer accounts.

29. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

30. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), and f through its unlawful collection practices.

**a. Violations of FDCPA § 1692e**

32. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. Defendant's letters concealed the fact that the subject debt was in collections and that Defendant was a debt collector attempting to collect upon the subject debt.

33. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant's letters purposely omitted the fact that the subject debt was in collections and that Defendant was a debt collector attempting to collect upon the subject debt. Rather, the letters only referred to a "claim" Plaintiff had with Hertz Corporation and never mentioned that the subject debt had been placed with Defendant for collection. In fact, the March 19th letter even threatened to consider the subject debt for collections despite the fact that the subject debt was *already in* collections. This threat was made in an attempt to coerce Plaintiff into making a payment to avoid adverse action on her account.

34. Defendant violated §1692e(5) when it threatened to take an action it could not legally take or did not intend to take. Defendant's March 19th letter stated that the subject debt "will be considered for collections if an arrangement cannot be made." Defendant failed to disclose the fact that the subject debt could not be considered for collections because it was

5

*already in* collections, as Defendant was a debt collector attempting to collect upon the subject debt. Defendant purposely made this threat to confuse and scare Plaintiff into making a payment on the subject debt.

35. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe the subject debt was not currently in collections, but would be considered for collections if she did not make a payment.

36. Defendant violated §1692e(11) in each of its dunning letters when Defendant failed to disclose to Plaintiff that it was a debt collector attempting to collect upon a debt and that all information obtained would be used for that purpose.

**b. Violations of FDCPA §1692f**

37. Defendant violated §1692f by unfairly and unconscionably concealing its identity as a debt collector attempting to collect the subject debt and threatening to send the subject debt to collections when, in fact, the subject debt was already in collections.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff JANET MANCILLA requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT**

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA § 1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through their conduct in attempting to collection upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(5), e(10), e(11) and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

45. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, JANET MANCILLA, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 22, 2021

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*